IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2005 Session

## STATE OF TENNESSEE v. RONALD TERRY WILMORE

**Appeal from the Circuit Court for Warren County**
**No. F-9263     Larry B. Stanley, Jr., Judge**

_____

**No. M2004-01999-CCA-R3-CD  - Filed July 8, 2005**

_____

A Warren County Criminal Court jury convicted the defendant, Ronald Terry Wilmore, of driving on a revoked license, a Class B misdemeanor, and the trial court sentenced him to a term of six months with twenty days to be served in jail and the remainder on probation. The defendant appeals, claiming the evidence is insufficient. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Donald Capparella, Nashville, Tennessee (on appeal), and Steven R. Roller, McMinnville, Tennessee (at trial), for the appellant, Ronald Terry Wilmore.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Clement Dale Potter, District Attorney General; and Larry G. Bryant, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's driving on a revoked license. Warren County Deputy Sheriff Stuart Coldwell testified that early in the day on October 1, 2002, he discovered the defendant's driver's license was revoked. He said that during his shift that evening, he noticed the defendant driving and followed him home. He said that when the defendant got out of his car, he asked him for his driver's license and that the defendant went to another car and got his driver's license. He said that he ran a check on the driver's license and that it was not valid. He said the defendant's driver's license had been revoked since September 17, 1999, for failure to file sufficient security after an accident.

On cross-examination, Deputy Coldwell testified that when he asked the defendant to give him his driver's license, the defendant stated he did not believe his license was "any good." Deputy

Coldwell conceded that the defendant did not explain this statement. Deputy Coldwell acknowledged that if the defendant had moved, the Department of Safety could have sent the revocation notice to his old address.

On redirect examination, Deputy Coldwell testified that the defendant's driving history report from the Department of Safety reflected that his license was revoked for "Failure to file security after accident" and that a revocation notice was sent to the defendant. Deputy Coldwell conceded that he did not know whether the defendant received the revocation notice. Based upon this evidence, the jury convicted the defendant of driving on a revoked license.

On appeal, the defendant contends the evidence is insufficient and cites State v. Michael Ray Swan, M2000-00539-CCA-R3-CD, Sumner County (Tenn. Crim. App. Apr. 27, 2001), for the proposition that the state was required to introduce a certified copy of his driving record into evidence in order to prove that he was driving on a revoked license. The state counters that the defendant's reliance on Swan is misplaced and that State v. Bobby Gene Goodson, E2001-00925-CCA-R3-CD, Sullivan County (Tenn. Crim. App. July 29, 2002), distinguishes Swan and requires the state to introduce a certified copy of the defendant's driving record only in certain instances. In addition, the state argues that it did introduce evidence that the Department of Safety sent notice to the defendant of the revocation and that a reasonable trier of fact could infer the defendant knew of the license revocation.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A defendant is guilty of driving on a suspended, revoked, or cancelled license if he drives a car on any public highway of the state at a time when the defendant's privilege to do so is cancelled, suspended, or revoked. T.C.A. § 55-50-504. A prerequisite to convicting a defendant for driving on a suspended license is that the defendant's driver's license was legally suspended at the time of the alleged crime. See State v. Loden, 920 S.W.2d 261 (Tenn. Crim. App. 1995); see also T.C.A. § 55-50-504.

In Swan, the defendant's driver's license was suspended for his failure to pay a traffic citation in another state. Subsequently, he was charged with and convicted of driving on a suspended license. This court stated that under T.C.A. § 55-50-502(a)(9), the Department of Safety had the authority to suspend the defendant's driver's license for his failure to pay the traffic citation if the department notified him of the proposed suspension. This court reversed the defendant's conviction because the

state presented no evidence at trial to show that the department had sent notice of the suspension to the defendant or that he received the notice.  <u>Swan</u>, slip op. at 5.

We believe that the defendant's reliance on <u>Swan</u> is misplaced.  In the present case, the record reflects that the defendant's driver's license was revoked under T.C.A.§ 55-12-104 for his failure to file sufficient surety after an accident.  Thus, T.C.A.§ 55-50-502 and the state's burden of proof established by this court's analysis in <u>Swan</u> are inapplicable.

At the trial, Deputy Coldwell testified that the defendant's driving record from the Department of Safety reflected that his driver's license was revoked for failure to file sufficient security after an accident and that the Department of Safety sent the defendant notice of the revocation.  In addition, Deputy Coldwell said that when he asked the defendant for his driver's license, the defendant told him that he did not think the license was "any good."  We conclude that the evidence was sufficient to convict the defendant.  The judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE